**STATE**

v.

**Richard A. COOK.**

**No. 80–484–C.A.**

Supreme Court of Rhode Island.

Dec. 10, 1981.

Dennis J. Roberts, II, Atty. Gen., Anthony F. Del Bonis, Sp. Asst. Atty. Gen., for plaintiff.

Aram K. Berberian and Michael J. Kiselica, Warwick, for defendant.

OPINION

SHEA, Justice.

The defendant, Richard A. Cook, was convicted in the District Court of obstructing a police officer in the execution of his duties in violation of G.L. 1956 (1969 Reenactment) § 11–32–1, and a fine of $200 was imposed. An appeal was taken to the Superior Court and the matter was heard on September 3, 1980. The trial justice, sitting without a jury, found the defendant guilty and imposed the same fine as had been imposed in the District Court.

The defendant appeals. He claims that he cannot be convicted of obstructing an officer because the officer he is accused of obstructing was not a duly-sworn member of the East Providence police department. The defendant contends that the public official who administered the oath to the arresting officer was not authorized by statute to administer oaths. The second issue concerns whether or not the evidence warranted a finding of obstructing an officer in the execution of duty. We affirm the action of the Superior Court.

The facts are briefly summarized as follows. On October 28, 1978, Officer John J. Lynch, Jr., of the East Providence police department stopped one Scott Cook for a traffic violation. The defendant, Scott Cook's father, who was nearby, intervened. Upon arriving at the scene, defendant began shouting obscenities at Officer Lynch and at Officer Holland, who had arrived to assist. Officer Lynch testified that defendant repeatedly bumped Officer Holland with his chest. As he, Lynch, approached Scott Cook to hand him the citation, defendant grabbed the officer by the arm. Next, when Officer Lynch finally handed over the citation, defendant took it from his son and tore it up. Officer Lynch testified that more obscenities and bumping ensued, resulting in defendant's arrest.

Turning to the first issue, we note that Officer Lynch was appointed to the police department by the then East Providence city manager, Paul Flynn, who administered an oath to Lynch at the time of his appointment. The defendant points to G.L. 1956 (1969 Reenactment) § 36–2–2, as amended by P.L. 1969, ch. 239, § 40, which enumerates the officers empowered to administer oaths. A city manager is not listed as one of these persons.

In our opinion this fact is of no consequence. The East Providence Home Rule Charter § 7–1 specifically provides that all appointments to the police department are to be made by the city manager. The mere fact that § 36–2–2 of the General Laws does not specifically list a city manager as an official empowered to administer oaths in no way is determinative that he may not do so. The East Providence city manager, in addition to having the power of appointment for police officers, is designated as the chief executive officer of the city government. Section 3–3, East Providence Home Rule Charter. It is obvious that this is the type of official which the Legislature had in mind when it empowered "[c]lerks of courts, justices of the peace, mayors of cities, judges of probate, presidents of town councils, or persons acting as such * * *" to administer oaths. By virtue of the powers granted to the city manager in the Home Rule Charter, he is in fact the functional

equivalent of a city mayor for the purposes of § 36–2–2. We deny defendant's appeal on this point.

In regard to the second issue, defendant contends that his interactions with the police officers constituted a "mere delay" and thus did not rise to the level of an obstruction of justice. We disagree.

This court has held that in certain circumstances the uttering of obscenities alone can be sufficient to constitute a violation of § 11–32–1. *Johnson v. Palange*, R.I., 406 A.2d 360, 365–66 (1979); *DeFusco v. Brophy*, 112 R.I. 461, 464, 311 A.2d 286, 288 (1973). Therefore the defendant cannot seriously contend that the shouting of obscenities coupled with physical contact between the defendant and the officers, activities designed to harass and detain them, are insufficient to sustain a conviction for obstruction of justice.

The defendant's appeal is denied and dismissed. The judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.